IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 2006-29 |
| | : | |
| GLENN PETERSEN | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                    **January 7, 2009**

      Defendant Glenn Petersen moves for a judgment of acquittal, or in the alternative, for a new trial, on the grounds the Government failed to prove an essential element of the crime charged; there was insufficient evidence to support his conviction under 21 U.S.C. § 841; § 841 was unconstitutionally enacted; and an evidentiary ruling violated his Sixth Amendment right to confront witnesses. The Government opposes Petersen's motion, contending the jury properly convicted Petersen of a lesser-included offense; his conviction was adequately supported by the evidence; the Court's evidentiary ruling was correct and did not violate Petersen's Sixth Amendment rights; and enactment of § 841 was a proper exercise of Congress's Commerce Clause authority. The Court agrees with the Government. Petersen is not entitled to a judgment of acquittal or a new trial.

**FACTS**

      On December 3, 2003, Virgin Islands Police Officer Angela Brown, using surveillance cameras, observed Petersen and co-defendant Trevor Dorsett in the Cruz Bay area of St. John, near the Julius Sprauve School. Officer Brown testified she saw Petersen approach and hand a plastic bag, containing a brick-like object, to Dorsett. She then observed Defendants enter a red Mitsubishi vehicle and drive towards North Shore Road. Officer Brown radioed to fellow officers to look out for Defendants.

Officer Emile Proctor testified he subsequently observed Defendants' vehicle fail to stop at a stop sign. Officer Proctor stopped Defendants' vehicle, and observed a plastic bag being thrown from the driver's side window. Officers Angela Brown, Steve Gibbons, and Dennis Vanterpool arrived at the scene. Officer Vanterpool retrieved the bag Officer Proctor saw thrown from the window, and Officer Vanterpool identified the bag's contents as crack cocaine.

Officer Brown observed a plastic bag on the rear floor of the vehicle, and recognized it as the bag she observed Defendants handling on the street earlier. Both Defendants disavowed knowledge and ownership of the bag. The bag contained over a kilogram of cocaine.

Defendants were indicted on two counts of possession with intent to distribute within 1,000 feet of a school. Count I charged Defendants with aiding and abetting one another and unknown others, and possessing with intent to distribute more than five grams of crack cocaine, within 1,000 feet of a public school. The Court granted Defendants' motion to dismiss Count I at the conclusion of the first trial.

Count II charged Defendants with aiding and abetting one another and unknown others, and possessing with intent to distribute more than five hundred grams of cocaine, within 1,000 feet of a public school. Count II read as follows:

> On or about December 5, 2003, at St. John, in the District of the Virgin Islands, the defendants, GLENN PETERSEN and TREVOR DORSETT while aiding and abetting one another, and others unknown to the grand jury, knowingly and intentionally possessed with intent to distribute a Schedule II narcotic controlled substance, that is, more than five hundred (500) grams of a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of Title 21, United States Code, Section 841(a), within 1000 feet of a public school, that is, the Julius Sprauve School.
>
> All in violation of Title 21, United States Code, §§§ 841(a), 841(b)(1)(B)(iii), 860 and Title 18, United States Code § 2.

At the conclusion of the first trial, the Court declared a mistrial on Count II as to both Defendants.

Defendants were re-tried, starting on May 12, 2008, on Count II of the Indictment. Defendants were convicted by way of separate special verdict forms. Defendants' verdict forms each contained three questions, identical other than the variance in Defendants' names. The first special interrogatory was:

> Do you unanimously find that the Government has proven beyond a reasonable doubt that the defendant [individual Defendant's name] knowingly and intentionally possessed with intent to distribute a mixture or substance containing cocaine?

On both Defendants' verdict forms, the jury answered "Yes." The second special interrogatory was:
> Do you unanimously find that the Government has proven beyond a reasonable doubt that the defendant [individual Defendant's name] was within one thousand feet of a school when he knowingly and intentionally possessed with intent to distribute a mixture or substance containing cocaine?

On both Defendants' verdict forms, the jury answered "No." The third special interrogatory was:

> Do you find that the Government has proven beyond a reasonable doubt that the quantity of a mixture or substance containing cocaine that the defendant [individual Defendant's name] knowingly and intentionally possessed with intent to distribute was 500 grams or more?

On both Defendants' verdict forms, the jury answered "Yes."

On September 22, 2008, Petersen moved for a judgment of acquittal, or in the alternative, for a new trial. The Court heard argument on this motion on December 5, 2008. At argument, Petersen moved to join Dorsett's motion in full. Dorsett also moved to join Petersen's motion, except insofar as Petersen argued exclusion of certain testimony constituted a violation of Petersen's Sixth Amendment rights. The Court granted both motions to join. The Court will address the arguments briefed by Petersen and Dorsett in their respective opinions. To the extent Defendants have joined each other's motions, the Court's rulings on the issues are applicable to both Defendants.

**DISCUSSION**

On a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, a trial court must decide "whether, after viewing the evidence in the light most favorable to the prosecutor, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Upon a defendant's motion for a new trial, a trial court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision to grant or deny a motion for new trial is committed to a trial judge's sound discretion. *United States v. Cimera*, 459 F.3d 452, 458 (3d Cir. 2006). Where a defendant's Rule 33 motion is premised upon allegations of trial error, a court will grant the motion "only if there is a reasonable probability that trial error could have had a substantial influence on the jury's decision." *Gov't of V.I. v. Commissiong*, 706 F. Supp. 1172, 1184 (D.V.I. 1989) (citations and internal quotation marks omitted). The Court may order a new trial on the ground a jury's verdict is contrary to the weight of evidence only if the Court finds "there is a serious danger that a miscarriage of justice has occurred – that is, that an innocent person has been convicted." *United States v. Davis,* 397 F.3d 173, 181 (3d Cir. 2005) (citations and internal quotation marks omitted).

Petersen contends he was charged with a single count of violation of the schoolyard statute, 21 U.S.C. § 860. Petersen argues the jury's verdict was effectively an acquittal because the Government failed to prove an essential element of the crime charged. Petersen argues conviction of possession with intent to distribute is inappropriate in this case because the Court never instructed the jury it could convict Petersen of a lesser-included offense. *See Keeble v. United States*, 412 U.S. 205, 212 (1973) ("[I]f the prosecution has not established beyond a reasonable doubt every element

4

of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal."). Petersen contends his conviction of a lesser-included offense violates his Due Process right to notice of the charges against him and interferes with the jury's deliberation process.

Violation of the schoolyard statute, § 860, is a substantive offense independent and separate from possession with intent to distribute, prohibited by 21 U.S.C. § 841. *United States v. McQuilkin*, 78 F.3d 105, 108-09 (3d Cir. 1996). Violation of § 841, however, is a lesser-included offense of a § 860 violation, and defendants generally may be convicted of any offense necessarily included in the offense charged. *See United States v. Jackson*, 443 F.3d 293, 301 (3d Cir. 2006) ("Because a conviction under § 860(a) only requires a finding of one additional element, the 1,000-foot proximity to a school, we agree the possession of cocaine base with intent to distribute under 21 U.S.C. § 841(a)(1) is a lesser-included offense of possession with intent to distribute within 1,000 feet of a school under 21 U.S.C. § 860(a)."); *United States v. Lacy*, 446 F.3d 448, 452 (3d Cir. 2006) ("A defendant may be found guilty of ... an offense necessarily included in the offense charged.") (internal quotation marks omitted) (quoting Fed. R. Crim. P. 31(c)).

In this case, the jury returned a special verdict form in which it concluded the Government failed to prove beyond a reasonable doubt the school-proximity element of the schoolyard statute, § 860. Both Petersen and Dorsett declined a lesser-included offense instruction, and the Government never requested such an instruction.

As a general matter, "[a] trial court . . . has authority to enter a judgment of conviction on a lesser-included offense when it finds that an element exclusive to the greater offense is not supported by evidence sufficient to sustain the jury's finding of guilt on the greater offense." *Gov't*

*of V.I. v. Josiah*, 641 F.2d 1103, 1108 (3d Cir. 1981). Neither Federal Rule of Criminal Procedure Rule 31(c) nor Supreme Court precedent explicitly requires a lesser-included offense instruction in order for a defendant to be convicted of a lesser-included offense. *See* Fed. R. Crim. P. 31(c) ("A defendant may be found guilty of any of the following: (1) an offense necessarily included in the offense charged . . . ."); *Schmuck v. United States*, 489 U.S. 705, 716 (1989) (setting forth the test for determining whether one offense is a lesser-included offense of another).

The Third Circuit has not addressed whether a defendant may be convicted of a lesser-included offense where no such instruction was given. Several federal courts of appeals have addressed a related question: May an appellate court, upon a defendant's showing that the evidence was insufficient to support an element of the crime for which he was convicted, remand for entry of judgment on a lesser-included offense where the district court did not give a lesser-included offense instruction? Courts have split on whether such a remand is appropriate.

In deciding this question, several courts of appeals have applied the standard articulated by the D.C. Circuit in *Allison v. United States*, 409 F.2d 445 (D.C. Cir. 1969). The *Allison* standard does not address the presence or absence of a lesser-included offense instruction, and instead focuses on the nature of the offenses at issue and avoidance of unfair prejudice to the defendant. *See id.* at 451 (requiring "(1) that the evidence adduced at trial fails to support one or more elements of the crime of which appellant was convicted, (2) that such evidence sufficiently sustains all the elements of another offense, (3) that the latter is a lesser included offense of the former, and (4) that no undue prejudice will result to the accused.").

Applying *Allison*, the Tenth Circuit squarely rejected the defendant's argument that the court was precluded from reducing his conviction to a lesser-included offense because the trial court never gave a lesser-included offense instruction. *See United States v. Duran*, 141 F.3d 1186, *3 (10th Cir. 1998) (unpublished opinion). The *Duran* court concluded:

> [A] defendant suffers no prejudice by entry of a conviction on a lesser included offense if the instructions given to the jury actually contained the elements of that offense and the jury *necessarily* had to find each of those elements beyond a reasonable doubt. In short, the question is whether for all practical purposes the jury *was* instructed on the lesser included offense.

*Id.* (emphasis in original). The Eighth Circuit also reduced a conviction to a lesser-included offense and rejected the defendant's contention that the trial court's failure to provide a lesser-included offense instruction was prejudicial error, where the district court repeatedly offered to give such an instruction and the defendant declined it. *See United States v. Cobb*, 558 F.2d 486, 489 & n.5 (8th Cir. 1977). Similarly, in remanding for entry of judgment on a lesser-included offense, the Fifth Circuit concluded the defendant would suffer no unfair prejudice resulting from the district court's failure to give a lesser-included offense instruction. *See United States v. Hunt*, 129 F.3d 739, 745 (5th Cir. 1997).[1]

---

[1] In other cases, federal courts of appeal have refused or hesitated to reduce a conviction to a lesser-included offense where the district court did not give a lesser-included offense instruction. *See United States v. Dhinsa*, 253 F.3d 635, 675-76 (2d Cir. 2001) (refusing to affirm a conviction for coercion based upon the government's reasoning the evidence established a lesser-included offense, attempted coercion, because the district court failed to give a lesser-included offense instruction); *United States v. Spinney*, 65 F.3d 231, 235 n.3 (1st Cir. 1995) (suggesting a lesser-included offense instruction is a prerequisite to reduction of a conviction to a lesser-included offense); *United States v. Dinkane*, 17 F.3d 1192, 1198 (9th Cir. 1994) (requiring a showing the trial court explicitly instructed the jury it could convict a defendant of a lesser-included offense and an instruction setting forth the elements of the lesser-included offense); *United States v. Vasquez-Chan*, 978 F.2d 546, 554 (9th Cir. 1992) (same); *United States v. Mitcheltree*, 940 F.2d 1329, 1352 n.17 (10th Cir. 1991) (suggesting remand with an order to enter judgment on a lesser-included offense is appropriate only where a lesser-included instruction is given or where the parties concede conviction of the lesser-included offense was proper); *United States v. Melton*, 481 F.2d 45, 49 (D.C. Cir. 1973) (refusing to order entry of judgment on a lesser-included offense where the defendant specifically rejected a

Moreover, in three cases in which the evidence presented at trial was insufficient to support the school-proximity element, federal circuit courts of appeals have ordered a § 860 conviction reduced to a § 841 conviction without addressing whether the trial court gave a lesser-included offense instruction. *See United States v. Rojas Alvarez*, 451 F.3d 320, 328-29 (5th Cir. 2006); *United States v. Parker*, 30 F.3d 542, 553 (4th Cir. 1994); *United States v. Smith*, 13 F.3d 380, 383 (10th Cir. 1993).

The Court concludes Petersen was properly convicted of the lesser-included offense of possession of narcotics with intent to distribute, even though the Court did not give a lesser-included offense instruction. In concluding Petersen was properly convicted of a lesser-included offense, the Court is guided by the principles articulated by the *Allison* court. *See* 409 F.2d at 451. It is undisputed that § 841 is a lesser-included offense of § 860. *Jackson*, 443 F.3d at 301. For reasons articulated *infra*, the evidence is sufficient to support Petersen's conviction for violation of § 841. Defendant Petersen's Due Process right to notice of the charges against him was not infringed because an indictment that charges a greater offense necessarily serves as notice of a lesser-included offense charge. *See United States v. Castro-Trevino*, 464 F.3d 536, 542-43 (5th Cir. 2006) (concluding the defendant was properly convicted of attempted exportation where he was only charged with exportation because "[w]hen the facts support conviction of a lesser-included offense we can generally modify the judgment to reflect the lesser offense without detrimentally affecting the defendant's rights"); *United States v. Brozyna*, 571 F.2d 742, 746 (2d Cir. 1978) (concluding an indictment "required [the defendant] to prepare to defend not only against that charge [contained in the indictment] but also against whatever necessarily included offenses and attempts she could have

---

lesser-included offense instruction and the government chose to seek conviction on only the greater offense); *United States v. Powell*, 220 Fed. Appx. 805, 813 (10th Cir. 2007) (following *Mitcheltree*).

been convicted of under Fed. R. Crim. P. 31(c)"). Moreover, Count II of the Indictment specifically and repeatedly referenced § 841. *See Smith*, 13 F.3d at 383 (reducing a § 860 conviction to a § 841 conviction where "the indictment list[ed] the combination of statutes in one count"). Petersen even concedes in his brief supporting the instant motion that "Defendant Glenn Petersen was charged, pursuant to the single remaining count of the Indictment with, aiding and abetting, possession with intent to distribute cocaine hydrochloride within 1,000 feet of a school, *in violation of 21 U.S.C. §§ 841(a)(1) and 860(a).*" Def.'s Br. at 1 (emphasis added).

Petersen further has not demonstrated he has suffered any unfair prejudice resulting from the absence of a lesser-included offense instruction. His conviction alone cannot constitute unfair prejudice. *See Smith*, 13 F.3d at 383. Petersen's conviction is also not the result of improper interference with jury deliberations. Rather, in this case, the interrogatories on the verdict form were composed and segregated in a manner which compelled the jury to consider whether Petersen committed the crime of possession with intent to distribute. As demonstrated by the jury's affirmative answers to interrogatories 1 and 3, the jury found the Government proved beyond a reasonable doubt each element comprising a § 841 charge. Moreover, for all practical purposes, the jury in this matter was charged on the lesser-included offense because both the jury instructions and verdict form required the jury to decide whether the Government had proved the elements of § 841. *See Duran*, 141 F.3d 1186, at *3. Because § 841 is a lesser-included offense of § 860, there was sufficient evidence to sustain the § 841 conviction, and Petersen had sufficient notice of the lesser-included offense charge and suffered no unfair prejudice, Petersen was properly convicted of violating § 841.[2]

---

[2]Keeble does not demand a different result. The *Keeble* Court held the trial court erred when it denied a lesser-included offense instruction to the defendant, a Native American who was prosecuted under a statute which did not specifically enumerate the lesser-included offense – simple

9

Petersen next contends the Government's evidence at trial was insufficient to support the verdict as to the intent to distribute element because the proof presented was based on the bag with narcotics being found within the zone of control of both defendants. *See Gov't of V.I. v. Hernandez*, 476 F.2d 791, 794 (3d Cir. 1973) ("[T]here is always a close question of sufficiency of evidence when two persons are jointly charged with possession of narcotics when the only proof is that the narcotics were found in the zone of control of both persons . . . ."). Petersen also argues the quantity of cocaine recovered is not large enough to permit an inference of intent to distribute.

A sufficiency challenge places a heavy burden on defendants. In evaluating such a claim, a court must consider "the evidence in the light most favorable to the government and affirm the judgment if there is substantial evidence from which any rational trier of fact could find guilt beyond a reasonable doubt." *United States v. Frorup*, 963 F.2d 41, 42 (3d Cir. 1992). Intent to distribute may be inferred from a defendant's possession of a large quantity of drugs. *United States v. Brown*, 3 F.3d 673, 681 n.8 (3d Cir. 1993). Under Third Circuit law, "experienced narcotics agents may testify about the significance of certain conduct or methods of operation to the drug distribution business, as such testimony is often helpful in assisting the trier of fact understand the evidence." *United States v. Watson*, 260 F.3d 301, 307 (3d Cir. 2001) (citation, alteration, and internal quotation marks omitted).

---

assault – among the crimes for which Native Americans might be prosecuted. 412 U.S. at 208-09, 213. The statement upon which Petersen relies was made as part of the Court's explanation of the danger a defendant faces when denied a lesser-included offense instruction, namely, in circumstances in which the prosecution has proven only the elements of the lesser-included offense, a jury may improperly find the defendant guilty of the offense charged where the only other option is acquittal. *Id.* at 212-13. *Keeble* is inapposite because Petersen faced no such danger here, where the special verdict form enabled the jury to make a separate finding as to each element of the charges against him.

In this case, officers recovered over a kilogram of cocaine contained within the bag found in the rear of Defendants' vehicle. Officer Mark Joseph also testified the method used to package the drugs recovered suggested Defendants intended to engage in wholesale distribution.

The amount of drugs recovered in this case far exceeds the amount recovered in cases where the quantity was found insufficient to support the intent element of a possession with intent to distribute conviction. *See Turner v. United States*, 396 U.S. 398, 422-23 (1970) (14.68 grams); *United States v. Boissoneault*, 926 F.2d 230, 234 (2d Cir. 1991) (5.31 grams). Officer Joseph's expert testimony was probative of Defendants' intent to distribute the cocaine. Furthermore, this case does not present the "close question" of sufficiency referenced in *Hernandez* because there was videotape evidence showing each Defendant, at separate times, holding the bag of cocaine. Petersen's sufficiency challenge fails because a rational trier of fact could have accepted Officer Joseph's testimony and also could have inferred from the amount of cocaine recovered that Petersen had the intent to distribute.

Petersen argues his Sixth Amendment right to confront witnesses was violated because he was not permitted to confront Officer Emile Proctor with Proctor's prior testimony regarding observing a bag being discarded from the car's window. Petersen asserts he would have challenged this testimony as fabricated and biased. Petersen asserts the Court's evidentiary ruling was prejudicial because the crux of his defense was that the officers' testimony should not be believed, and the Government's case depended primarily on such testimony.

The Sixth Amendment's Confrontation Clause guarantees a defendant the right to cross-examine the witnesses against him. *United States v. Chandler*, 326 F.3d 210, 219 (3d Cir. 2003). "The exposure of a witness' motivation in testifying is a proper and important function of the

constitutionally protected right of cross-examination." *Id.* at 218-19 (citation and internal quotation marks omitted). Nevertheless, the Confrontation Clause does not prevent the Court from limiting Petersen's inquiry into a government witness's bias. *Id.* at 219. Trial courts have wide discretion reasonably to limit cross-examination "based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). In addition, "Confrontation Clause claims . . . should be considered in relation to the potential effect of the foreclosed cross-examination on the jury's evaluation of a particular witness." *Chandler*, 326 F.3d at 219.

If a court determines a defendant's Confrontation right has been impaired by an excessive limit on cross-examination, the court must then determine whether the error was harmless beyond a reasonable doubt. *Chandler*, 326 F.3d at 223. The Third Circuit has instructed:

> Whether such an error is harmless in a particular case depends upon a host of factors, all readily accessible to reviewing courts. These factors include the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case.

*Id.* (citations omitted).

At the close of the first trial, Count I, which charged Defendants with possession of crack cocaine with intent to distribute, was dismissed upon Defendants' Rule 29 motion. At re-trial, Dorsett moved under Federal Rule of Evidence 404(b) to exclude all evidence related to the crack cocaine that was the subject of Count I, arguing introduction of such evidence was not probative of Count II and was unfairly prejudicial. *See* Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs,

or acts is not admissible to prove the character of a person in order to show action in conformity therewith."). The Court granted Dorsett's motion over Petersen's objection.

This Court properly excluded Officer Proctor's testimony regarding the crack cocaine because such testimony would have had the tendency to confuse the issues in this case, where the jury was asked to consider Defendants' culpability only in relation to the bag of cocaine found in the rear of the vehicle. *See Van Arsdall*, 475 U.S. at 679. Such testimony also would have tended to unfairly prejudice Dorsett because, if the jury concluded from Proctor's testimony that Dorsett also possessed crack cocaine, the jury might improperly have convicted Dorsett in part based upon his commission of another crime. *See id.*; Fed. R. Evid. 404(b). Even if such testimony should not have been excluded, however, I conclude the error was harmless beyond a reasonable doubt because Petersen had ample opportunity to and did, in fact, thoroughly examine Officer Proctor regarding his potential bias. *See Chandler*, 326 F.3d at 219 ("Confrontation Clause claims . . . should be considered in relation to the potential effect of the foreclosed cross-examination on the jury's evaluation of a particular witness." ).

Finally, Petersen challenges the constitutionality of the statute under which he was convicted, § 841, citing *United States v. Lopez*, 514 U.S. 549 (1995). The *Lopez* Court held Congress exceeded its authority under the Commerce Clause when it enacted the Gun-Free School Zones Act of 1990. 514 U.S. at 551.

In *United States v. Orozco*, 98 F.3d 105 (3d Cir. 1996), the defendant challenged the constitutionality of § 860 under *Lopez*, asserting the statute's enactment exceeded Congress's authority to regulate interstate commerce. *Orozco*, 98 F.3d at 106. The Third Circuit upheld the statute's constitutionality, reasoning "[d]rug trafficking is an inherently commercial activity" and

13

Congress has the authority to regulate the large, interstate illegal drug market "just as it has the power to regulate food and drugs in general." *Id.* at 107. Petersen's constitutional challenge fails because enactment of § 841 was a proper exercise of Congress's authority, under the Commerce Clause, to regulate the drug market.

Consistent with the Court's previous ruling on the record and the Court's Order of December 10, 2008, Petersen's motion is denied.

BY THE COURT:

/s/Juan R. Sánhez