IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

GLENN PETERSEN,                       )
                                      )
            Petitioner,               )
                                      )
vs.                                   )   Criminal No. 2006-29
                                      )   Civil No. 2012-03
UNITED STATES OF AMERICA,             )
                                      )
            Respondent.               )
_____)

## REPORT AND RECOMMENDATION

Before the Court is *pro se* petitioner Glenn Petersen's ("Petersen") Motion to Vacate, Set Aside or Correct Sentence [DE 247] pursuant to 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel.[1]  The government filed a response to which Petersen replied. [DEs 250 & 251].  For the reasons that follow, it is recommended that Petersen's motion be denied.

### I.   BACKGROUND

As the parties are familiar with the underlying facts of this case, only those facts relevant to this discussion will be recited. On January 15, 2006, a grand jury returned a two count indictment charging Petersen with possessing cocaine base (Count One) and cocaine hydrochloride (Count Two) with intent to distribute within 1000 feet of a public school, in violation of 21 U.S.C. §§ 841(a) and 860, as well as aiding and abetting his co-defendant and unknown others in the commission of those offenses, in violation of 18 U.S.C. § 2.  On May 15, 2008, a jury found defendant guilty of possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii).  [DE 201].  The District Court sentenced defendant to a

---

[1]      In his motion, Petersen alludes to a memorandum of law that he evidently intended on submitting in support of his motion; however, the docket reflects no such filing.

*USA v. Petersen*
Criminal No. 2006-29
Civil No. 2011-138
Page 2

seventy-eight (78) month term of imprisonment, five (5) years supervised release and a $100 special assessment. [DE 239].

Petersen appealed his conviction, arguing the District Court erred in denying his suppression motion and in sustaining his conviction for a lesser-included offense because no lesser included offense instruction was given to the jury. *United States v. Petersen*, 622 F.3d 196, 201 (3d Cir. 2010). The Third Circuit Court of Appeals rejected Petersen's arguments and affirmed Petersen's conviction in a judgment issued on October 1, 2010. [DE 245 & 245-2]. Petersen did not appeal the decision and the judgment became final ninety days later on December 30, 2010. *See Clay v. United States*, 537 U.S. 522, 532(2003) ("[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme Court of the United States] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); SUP. CT. R. 13(1), (3) ("[A] petition for a writ of certiorari . . . is timely when it is filed . . . within 90 days after entry of the judgment. . . . The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]").[2] Accordingly, the statutory period during which Petersen could timely file his petition ended on December 30, 2011, the date Petersen filed his petition. *See Hernandez v. Caldwell*, 225 F.3d 435 (4th Cir. 2000) ("When a statute of

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for Section 2255 motions, "running from the latest of" four specified dates. 28 U.S.C. § 2255(f). As in most 2255 cases, here, the relevant date is "the date on which the judgment of conviction becomes final." *Id*. A "judgment of conviction becomes final" under § 2255 "on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari expires." *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *see Johnson v. United States*, 2013 U.S. Dist. LEXIS 66189, at *7 (D.N.J. May 9, 2013) ("A federal prisoner's conviction becomes final when certiorari is denied or when the time for filing a petition for certiorari expires, which is ninety (90) days from the entry of judgment or denial of a rehearing petition.") (citations omitted). If, however, a defendant does not pursue a timely direct appeal to the court of appeals, his conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expires. *Kapral*, 166 F.3d at 577.

*USA v. Petersen*
Criminal No. 2006-29
Civil No. 2011-138
Page 3

limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period.") (quoting *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998)). Petersen's petition is thus timely.

Petersen raises two grounds for post-conviction of relief under the theory of ineffective assistance of trial or appellate counsel.  In particular, Petersen claims his "sentencing" counsel was ineffective because he failed to object to the District Court's reliance on Petersen's "need for education and vocational training" in imposing Petersen's sentence.  Petersen asserts his appellate counsel was deficient because he failed to raise the District Court's alleged sentencing error. Def.'s Mot. at 4; *see also* Def.'s Reply at 2.

## II.     LEGAL STANDARD

### A.     28 U.S.C. § 2255

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."  *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002).  Section 2255 allows prisoners to collaterally attack their sentence by moving "the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  The remedy is intended only where "the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *Davis v. United States*, 417 U.S. 333, 346 (1974); *see also United States v. Addonizio*, 442 U.S. 178, 184 (1979) (explaining "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment").

In order to prevail on a section 2255 motion, a petitioner must show one of the following: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the


*USA v. Petersen*
Criminal No. 2006-29
Civil No. 2011-138
Page 4

maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *see Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (stating a petitioner must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid"). If the court finds any of these grounds, the court must vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate. 28 U.S.C. § 2255(b).

In seeking collateral review under section 2255, "a movant ordinarily may only raise claims in a 2255 motion that he raised on direct review" and will have "procedurally defaulted all claims that he neglected to raise on direct appeal." *Hodge v. U.S.*, 554 F.3d 372, 379 (3d Cir. 2009) (citation omitted). However, a petitioner properly raises ineffective assistance of counsel arguments under § 2255 rather than on direct appeal. *Reid v. United States*, 871 F. Supp. 2d 324, 331 (D. Del. 2012); *see McNeil v. United States*, 2012 U.S. Dist. LEXIS 111164, at *33 (M.D. Pa. Aug. 8, 2012) (explaining an ineffective assistance of counsel claim is "properly brought in the first instance" under § 2255) (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)); *United States v. Schwartz*, 2013 U.S. Dist. LEXIS 23282, at *19 (E.D. Pa. Feb. 20, 2013) (noting the petitioner's "ineffective assistance of trial and appellate counsel claims are properly presented for the first time in his § 2255 motion"). A court may dismiss a section 2255 motion without holding a hearing where the record shows conclusively that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994). A prisoner's *pro se* pleading is construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *accord Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013).

**B.     Ineffective Assistance of Counsel**

In order to succeed on an ineffective assistance of trial counsel claim, a petitioner must

*USA v. Petersen*
Criminal No. 2006-29
Civil No. 2011-138
Page 5

show (1) counsel's representation was deficient and (2) the deficient performance "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).[3] Regarding the "deficient" prong, a petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness, assessing the facts of the case at the time of counsel's conduct. *Id*. at 688-89 ("the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances"); *Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005). Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 688. As for the prejudice prong, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

The standard for ineffective assistance of appellate counsel is generally the same as for trial counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). When a petitioner contends appellate counsel failed to raise specific issues, a petitioner must show (i) his appellate counsel's representation fell below an objective standard of reasonableness – that is, "counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them," *Id*. at 285, and (ii) there is a reasonable probability that, if counsel had raised the issue on direct appeal, the result of his appeal "would have been different." *United States v. Solomon*, 2013 U.S. Dist. LEXIS 31211, at *65 (W.D. Pa. Mar. 7, 2013) (quoting *United States v. Mannino*, 212 F.3d 835, 845 (3d Cir. 2000)).

---

[3] A court has discretion to dispose of a claim at either prong, as there is no required order to the *Strickland* inquiry. *Strickland*, 466 U.S. at 697 (explaining a court need not "determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies" or "address both components of the inquiry if the defendant makes an insufficient showing on one").

*USA v. Petersen*
Criminal No. 2006-29
Civil No. 2011-138
Page 6

The petitioner bears the burden of establishing his ineffective assistance of counsel claims by a preponderance of the evidence. *United States v. Serrano*, 798 F. Supp. 2d 634, 641 (E.D. Pa. 2011) (citing *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)). Judicial scrutiny of counsel's performance is highly deferential and a petitioner must overcome a "strong presumption" that counsel's strategy and tactics "fall[] within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Accordingly, "[s]urmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 1485 (2010).

### III.  DISCUSSION

Petersen's ineffective assistance of counsel claims are meritless as they are premised on Petersen's misguided belief that the Court's consideration of Petersen's education and vocational training needs was improper. Section 3553(a) requires a district court to "impose a sentence sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in § 3553(a)(2). "Those purposes are 'retribution, deterrence, incapacitation and rehabilitation.'" *United States v. Clark*, 182 Fed. Appx. 117, 118 (3d Cir. 2006) (citing *United States v. Denardi*, 892 F.2d 269, 276 (3d Cir. 1989)). The factors a court must consider in imposing a sentence include "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training . . . ." 18 U.S.C. § 3553(a)(2)(D).[4]

---

[4] The relevant factors a court must consider in imposing a sentence are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

*USA v. Petersen*
Criminal No. 2006-29
Civil No. 2011-138
Page 7

Here, prior to imposing sentence, the District Court expressly considered "the appropriate factors enumerated in [section] 3553(a)." Sentencing Hr'g Tr. at 69 [DE 236]. In discussing Petersen's education and work history, the District Court stated in particular that "although Mr. Petersen has only an eighth grade education, and a poor work history, the sentence [] impose[d] today will provide him the needed educational and vocational training [as] . . . the Bureau of Prisons is well suited to meet his needs." *Id*. at 68. The District Court also noted the following: (1) Petersen's drug use, criminal history and conduct giving rise to the instant matter; (2) the applicable advisory United States Sentencing Guidelines ("the Guidelines") range; (3) the lack of any sentencing disparities between Petersen and his co-defendant; (4) the United States Probation Office's sentencing recommendations and (5) the policy statements in the Guidelines. *Id*. at 68-69.

Despite Petersen's contention to the contrary, the sentencing transcript reflects a procedurally sound consideration of section 3553(a) in all its aspects, including a proper consideration of Petersen's education and work history. As Petersen's claimed sentencing error is not borne out by the record, his trial counsel had no basis on which to object to the imposed sentence. Similarly, the District Court's consideration of Petersen's needed educational or

---

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for [the defendant's crimes] . . . as set forth in the guidelines [i.e., United States Sentencing Guidelines] . . .;

(5) [] pertinent policy statement[s] [] issued by the [United States] Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

*USA v. Petersen*
Criminal No. 2006-29
Civil No. 2011-138
Page 8

vocational training could not serve as a basis for appeal. *See United States v. Aldea*, 450 F. App'x 151, 152 (3d Cir. 2011) ("Counsel cannot be ineffective for failing to raise meritless claims"). Accordingly, Petersen has failed to show how his trial or appellate counsel's representation was deficient as he has identified no acts or omissions by either counsel that were "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Having found that both trial and appellate could did not act in a professionally deficient manner, the Court need not proceed to an analysis of the second *Strickland* prong. *See Boyd v. Warden*, 579 F.3d 330, 376 (3d Cir. 2009) ("It is axiomatic that, to succeed on an ineffective assistance of counsel claim, a petitioner must establish both prongs of the test enunciated by the Supreme Court in Strickland."); *United States v. Delbuono*, 2011 U.S. Dist. LEXIS 90070, at *10 (E.D. Pa. Aug. 11, 2011) (declining to consider prejudice factor upon finding petitioner failed to satisfy the performance factor).

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendant's Motion to Vacate, Set Aside or Correct Sentence [DE 247] be DENIED without an evidentiary hearing.[5] It is further recommended that a certificate of appealability be DENIED.[6]

---

[5] The question of whether to order an evidentiary hearing when considering a motion to vacate a sentence under § 2255 "is committed to the sound discretion of the district court." *Gov't of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir.1989). A § 2255 evidentiary hearing "is unnecessary when the 'files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Padilla-Castro*, 426 Fed. Appx. 60, 63 (3d Cir. 2011) (quoting 28 U.S.C. § 2255(b)). Here, the record in this case conclusively shows that Petersen is not entitled to relief. *Wells v. Petsock*, 941 F.2d 253, 260 (3d Cir. 1991) ("[T]o merit a hearing, a claim for ineffective assistance of counsel, accepting the veracity of its allegations, must satisfy both prongs of the *Strickland* test, deficient counsel and prejudice to the defense.")

[6] When a district court issues a final order on a § 2255 motion, it must make a determination whether it will permit a certificate of appealability. 3d Cir. L.A.R. 22.2; Fed. R. App. P. 22(b)(1). A district court will issue a certificate of appealability only upon a finding of a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, the record fails to show a violation of Petersen's constitutional rights. Accordingly, a certificate of appealability should be denied.

*USA v. Petersen*
Criminal No. 2006-29
Civil No. 2011-138
Page 9

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

**Dated:** July 1, 2013                                  S\_____
                                                                       **RUTH MILLER**
                                                                       United States Magistrate Judge